This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## Ariana Ware v. City of Indianapolis/Indianapolis Metropolitan Police Department

| Case Number | 49D06-2107-CT-023665 |
| --- | --- |
| Court | Marion Superior Court 6 |
| Type | CT - Civil Tort |
| Filed | 07/14/2021 |
| Status | 07/14/2021 , Pending  (active) |

## Parties to the Case

Defendant   City of Indianapolis/Indianapolis Metropolitan Police Department

Address
200 E. Washington Street
Suite 1601
Indianapolis, IN 46204

Attorney
Allison J Smith
*#3536649, Lead, Retained*

200 E. Washington St.
Suite 1601
Indianapolis, IN 46204
317-327-4055(W)

Attorney
Elise Christine Louise Bowling
*#3393345, Retained*

Office of Corporation Counsel
200 E. Washington St., Suite 1601
Indianapolis, IN 46204
317-327-4055(W)

Plaintiff   Ware, Ariana

Address
300 E. Fall Creek Pwy. N. Dr.
Suite 501
Indianapolis, IN 46205

Attorney
Robert Bandel Turner
*#228849, Retained*

Julia Carson Governmnt Center
300 East Fall Creek Parkway Blvd. North Dr.
Suite 501
Indianapolis, IN 46205
317-295-2400(W)

## Chronological Case Summary

| 07/14/2021 | **Case Opened as a New Filing** | |
|---|---|---|

| 07/14/2021 | **Appearance Filed** | |
|---|---|---|
| | Appearance | |
| | For Party: | Ware, Ariana |
| | File Stamp: | 07/14/2021 |

| 07/14/2021 | **Complaint/Equivalent Pleading Filed** | |
|---|---|---|
| | Complaint.pdf | |
| | Exhibits 1 & 2.pdf | |
| | Complaint | |
| | Filed By: | Ware, Ariana |
| | File Stamp: | 07/14/2021 |

| 07/14/2021 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Summons | |
| | Filed By: | Ware, Ariana |
| | File Stamp: | 07/14/2021 |

| 08/05/2021 | **Appearance Filed** | |
|---|---|---|
| | Appearance | |
| | For Party: | City of Indianapolis/Indianapolis Metropolitan Police Department |
| | File Stamp: | 08/05/2021 |

| 08/05/2021 | **Notice Filed** | |
|---|---|---|
| | Automatic Extension Of Time | |
| | Filed By: | City of Indianapolis/Indianapolis Metropolitan Police Department |
| | File Stamp: | 08/05/2021 |

| 08/05/2021 | **Notice Filed** | |
|---|---|---|
| | Notice of Automatic Enlargement of Time | |
| | Filed By: | City of Indianapolis/Indianapolis Metropolitan Police Department |
| | File Stamp: | 08/05/2021 |

## Financial Information

\* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

**Ware, Ariana**

Plaintiff

**Balance Due** (as of 08/13/2021)

0.00

### Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

### Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 07/14/2021 | Transaction Assessment | 157.00 |
| 07/14/2021 | Electronic Payment | (157.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

Case 1:21-cv-02244-JMS-MG    Document 1-2    Filed 08/13/21    Page 4 of 24 PageID #: 9

49D06-2107-CT-023665
Marion Superior Court 6

Filed: 7/9/2021 12:43 PM
Clerk
Marion County, Indiana

| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION: |
| COUNTY OF MARION | ) | CAUSE NO: |

ARIANA WARE,                                )
                                            )
    Plaintiff,                          )
                                            )
vs.                                         )
                                            )
CITY OF INDIANAPOLIS,
INDIANAPOLIS METROPOLITAN
POLICE DEPARTMENT
Defendants,

## APPEARANCE

The undersigned attorney now appears in this case for the following party member(s):    Plaintiff: Ariana Ware

Attorney information for service as required by Trial Rule 5 (B) (2), 3.1 and 77(B).

| Name: | Robert B. Turner | Attorney Number: 2288-49 |
| Address: | 300 East Fall Creek Pwy. N. Dr. | Telephone:    (317)295-2400 |
| | Suite 501 | |
| | Indianapolis, Indiana 46205 | |
| | rbtatty@aol.com | |

Type: Civil Tort

Fax Service: (317) E-Fax 844.628.7810

There are related cases: Yes ___ No _X__

This form has been served on all parties. Yes _x__ No ___

Additional information required by local rule:

*/s/Robert B. Turner*
Robert B. Turner
Attorney at Law
300 East Fall Creek Pwy. N. Dr.
Suite 501
Indianapolis, Indiana 46205
rbtatty@aol.com

Case 1:21-cv-02244-JMS-MG Document 1-2 Filed 08/13/21 Page 5 of 24 PageID #: 110

49D06-2107-CT-023663

7/19/2021 12:43 PM
Clerk
Marion County, Indiana

Marion Superior Court 6

STATE OF INDIANA     )
                        ) SS:
COUNTY OF MARION    )

IN THE MARION COUNTY SUPERIOR COURT
CIVIL DIVISION, ROOM NO:
CAUSE NO:

ARIANA WARE,                 )
                               )
      Plaintiff,           )
                               )
vs.                              )
                               )
CITY OF INDIANAPOLIS,
INDIANAPOLIS METROPOLITAN
POLICE DEPARTMENT
Defendants,

## COMPLAINT FOR DAMAGES

Plaintiff, ARIANA WARE, by Counsel, and for a cause of action against the Defendants,

City of Indianapolis, INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT, alleges and

states:

### 1. JURISDICTIONAL STATEMENT

1. Plaintiff, Ariana Ware, by counsel, commences this civil action seeking injunctive

relief, restitution, civil penalties and damages pursuant to Indiana Code Section:

34-13-3, Indiana Constitution, Article 1, Section 1; 8; 9 and 16, and the United

States Constitution, First, Fourth, Fifth and Fourteenth Amendments.

### II. PARTIES

2.     That Plaintiff, ARIANA WARE, at all times relevant and material to this action,

resided in Indianapolis, Marion County, Indiana.

3.     That Defendant, INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT,

at all times relevant and material to this action, was a LAW ENFORCEMENT AGENCY within

the Consolidated City of Indianapolis, with its principle place of business at 200 E. Washington Street, City County Building, Indianapolis, Marion County, Indiana 46204.

### III. FACTS

4. On or about December 18, 2017, Plaintiff ARIANA WARE, herein "WARE", was hired as a probationary police officer by Defendant, INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT, herein, "IMPD".

5. Plaintiff WARE, completed her academy training on or about November 16, 2018, and her FTO Training in June 2018.

6. Plaintiff WARE, was placed on maternity leave on or about March 4, 2019.

7. Plaintiff WARE was on light duty and/or maternity leave until approximately March 2020.  During the light duty assignments of Plaintiff WARE, she was assigned to work in several areas of IMPD such as Community Resources, Training Academy, RMS and Body Camera Radiation Programs.

8. The areas in which Plaintiff WARE was assigned while on light duty were also staffed by regularly assigned police officers who were not on light duty assignment.

9. In 2020, Plaintiff WARE, posted a social media message on Facebook as a private individual and in civilian clothing wherein she quoted a music video titled "Nappy" by "Kyro the Artist" which relates to professional/successful persons with "nappy hair" who are proud of their heritage including their "Nappy Hair".

10. The music video by Kyro the Artist had an IMPD police vehicle in the music video, but the music video had absolutely no relationship to the Facebook social media posting by Plaintiff WARE.

11. The police vehicle displayed by Kyro the Artist in the music video was not provided by or occupied by Plaintiff WARE.

12. Notwithstanding the above, Plaintiff WARE was disciplined by Defendant IMPD for the private social media post wherein she quoted the song "Nappy by Kyro the Artist" which related her personal pride about her heritage including her "hair".

13. Plaintiff WARE, was targeted and under the surveillance of Defendant IMPD since the social media Facebook posting.

14. Defendant IMPD alleged that Plaintiff WARE was in the rap music video [Nappy] rapping while displaying her police vehicle.

15. Plaintiff WARE was not in the rap music video titled "Nappy", and she did not create or assist Kyro the Artist in the creation of the rap music or video.

16. On or about September 28, 2020, Plaintiff WARE, was on duty and conducting patrol duties on her assigned district when she was approached by an unidentified white/female later identified as an undercover federal agent.

17. The undercover federal agent, in an effort to entrap Plaintiff, falsely informed Plaintiff WARE, that "she had found a backpack near a trash dumpster and it had money and other stuff in it".

18. Plaintiff WARE, accepted the backpack from the unidentified white/female and the female abruptly walked away without providing any of her identifying information.

19. Plaintiff WARE immediately stopped the unidentified white/female, by stating "hold on, I need to get your information for the police report".

20. The unidentified white/female responded "I do not want to get involved", and she walked away.

21. Plaintiff WARE looked inside the mysteriously found backpack, which contained $ 700.00 dollars in cash, an unknown substance and soiled clothing.

22. Plaintiff WARE discussed the incident regarding the "unidentified white/female and the mysteriously found backpack and its contents with other IMPD patrol officers.

23. The other IMPD patrol officers recommended that Plaintiff WARE toss the unknown substance found in the backpack and that she turn in the money to the property room.

24. Plaintiff WARE, gave the unknown substance to one IMPD officer to be discarded.

25. Plaintiff WARE discarded the backpack and soiled clothing fearing Covid-19 contamination.

26. Plaintiff WARE placed the $ 700.00 Dollars (cash) in a pouch that she keeps in her police vehicle until she could deliver it to the property room.

27. Plaintiff Ware did not take the $ 700.00 Dollars (cash) to the Property Room immediately because she was involved in other IMPD duties, which is consistent with Defendant IMPD's customs and practices.

28. On September 29, 2020, the very next day, Defendant IMPD, executed a search warrants for Plaintiff's residence and her assigned police vehicle.

29. Defendant IMPD lacked probable cause to search Plaintiff WARE's residence.

30. The search of Plaintiff WARE's residence was highly intrusive and an invasion of her privacy.

31. Defendant IMPD executed the search warrants less than 24 hours after Plaintiff WARE came into contact with the unidentified white/female, later identified as undercover federal agent.

32. Defendant IMPD's conduct in the execution of the search warrant in less than 24 hours was totally inconsistent with IMPD's normal customs and practices in dealing with officers who delayed delivering and submitting property to the property room.

33. Upon execution of the search warrant at Plaintiff WARE's residence and assigned police vehicle, Defendant IMPD seized the $ 700.00 (cash) which was still located in Plaintiff WARE's police vehicle in a pouch where she stores evidence/property.

34. Plaintiff, WARE, was placed on Administrative Leave by the chief of police on October 29, 2020.

35. Plaintiff WARE, was ordered by inter-department communication to appear for further investigation and interview in the office of Internal Affairs on November 11, 2020, under threat of further discipline.

36. Plaintiff Ware appeared for the Internal Affairs interview on November 11, 2020, as ordered.  Exhibit No: 1.

37. Plaintiff, WARE, had the right to an Appeal Hearing before the Police Merit Board to appeal any recommended discipline, including recommended termination by the chief of police pursuant to IMPD Rules and Regulations.

38. Plaintiff WARE was awaiting notice of the scheduling of a Merit Board Hearing in order to exercise her rights of appeal.

39. On November 17, 2020, which was six (6) days after her ordered appearance to give a statement to the Office of Internal Affairs, Plaintiff WARE received a retro-active letter of termination from the chief of police notifying her that she was terminated "effective November 2, 2020, which was nine (9) days prior to the date that the chief of police had

ordered her to appear and to give a statement to the Office of Internal Affairs under threat of discipline.

40. Defendant IMPD's November 17, 2020, letter to Plaintiff WARE informed her that she was not entitled to an Appeal Hearing before the Police Merit Board, stating " it has come to our attention that you did not complete your probationary year with the Department"…"accordingly discipline lies solely within the discretion of the chief of police. Your employment was terminated November 2, 2020, for reasons stated in the Notice of Discharge Order". Exhibit No: 2.

41. The actions of Defendant IMPD in denying Plaintiff WARE an Appeal Hearing before the Police Merit Board was wrongful, malicious, intentional, discriminatory, a violation of her due process rights, a violation of her rights of equal protection and contrary to the  rules, regulations, practices and customs of Defendant, IMPD.

42. The wrongful actions of Defendant IMPD in denying Plaintiff WARE her right to an Appeal Hearing before the Police Merit Board were illusionary and pretentious.

43. Defendant IMPD acted and conspired to deny Plaintiff, WARE, full credit for her time in service as an IMPD Officer.

44. Defendant IMPD denied Plaintiff WARE full credit for her time in service when she was on light duty even though she served in full duty capacity assignments.

45. IMPD Officers who were assigned to the same positions as Plaintiff WARE, but as full duty assignments received full duty service credit.

46. The other IMPD Officers and Plaintiff WARE performed the same duties under their assignments even though Plaintiff WARE was supposed to be on light duty.

47. Plaintiff WARE, at all times, was ultimately performing the duties of a full duty police officer.

48. Defendant IMPD retroactively gave Plaintiff WARE less credit time than other similarly situated police officers.

49. Defendant IMPD discriminated against and denied Plaintiff WARE her full service credit in order to deny her an Appeal Hearing before the Police Merit Board.

50. Defendant IMPD's actions of conspiracy, entrapment, discrimination and disparate treatment were intentional, malicious and wrongful.

51. Due to Defendant IMPD's conduct, Plaintiff WARE has suffered loss of employment, damage to her professional reputation and emotional damages.

52. Defendant IMPD's wrongful actions demand an injunction, compensatory damages and punitive damages in favor of Plaintiff WARE.

## FIRST AMENDMENT VIOLATIONS

Plaintiff WARE, was exercising her First Amendment Rights of free speech and expression and was acting as a private citizen when she publicized her social media post about "nappy hair". Plaintiff's speech was political in nature and was a popular comment on a matter of public concern. Defendant City of Indianapolis; Indianapolis Metropolitan Police Department had no valid reason to restrain, control or regulate Plaintiff's freedom of expression via social media in her capacity as a private citizen.

## FOURTH AMENDMENT VIOLATIONS

Defendant, City of Indianapolis/IMPD, violated the Fourth Amendment Rights of Plaintiff WARE, when it executed a search warrant on the private residence of Plaintiff WARE, without any supporting evidence or supporting particularized facts that would

cause an objective person to believe that Defendant IMPD had any reason to believe that the property/items sought via the search warrant may be found within the premises of Plaintiff's private residence.

## FIFTH AMENDMENT VIOLATION

The Fifth Amendment Rights of Plaintiff WARE, were violated by Defendant, City of Indianapolis/IMPD, when Defendant IMPD ordered Plaintiff WARE to appear for a November 11, 2020, interview at the Office of Internal Affairs under threat of discipline. The November 11, 2020, interview was related to matters of the criminal entrapment initiated by Defendant IMPD via its undercover agent, said Internal Affairs Interview was conducted after the alleged November 2, 2020, termination of Plaintiff WARE.

## FOURTEEN AMENDMENT VIOLATION

Defendant, City of Indianapolis/IMPD, violated Plaintiff's privileges and/or immunities as a citizen of the United States when it denied Plaintiff WARE, Equal Protection, when Plaintiff WARE, a pregnant member of the Indianapolis Metropolitan Police Department, was denied the same full service credit as non-pregnant members of the Department obtained while servicing in the very same job positions and performing the very same job activities.

## DUE PROCESS VIOLATION

Defendant, City of Indianapolis/Indianapolis Metro Police Department, violated the Due Process Rights of Plaintiff WARE, when it denied Plaintiff WARE procedural due process by terminating Plaintiff WARE without affording her the opportunity to appeal the termination decision of the chief of police to the Police Merit Board for its review as

required by the applicable laws, codes, policies, rules and customs of the Indianapolis

Metro Police Department.

WHEREFORE, Plaintiff, Ariana Ware, by Counsel, respectfully requests that the Court

enter an Order of judgment for the Plaintiff, award monetary damages in an amount

commensurate with her damages, costs of this action, prejudgment interest, post judgment

interest, punitive damages, injunction and all other just and proper relief within the premises.

Respectfully submitted,

*/s/ Robert B. Turner*
Robert B. Turner #2288-49
Attorney for Plaintiff

Robert B. Turner
TURNER LEGAL LLC
300 E. Fall Creek Pwy. N. Dr.
Suite 501
Indianapolis, IN 46205
(317) 295.2400 phone
rbtatty@aol.com

Ex 1.

# INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT
## INTER-DEPARTMENT COMMUNICATION

**To:**  Officer Ariana Ware                    **Date:**  October 29, 2020

**From:**  Sergeant Brent Miller

**Subject:**  Internal Affairs Investigation

This is official notification you are the subject of an Indianapolis Metropolitan Police Department Internal Affairs investigation.

You are hereby ordered to report to the OFFICE OF INTERNAL AFFAIRS, 4134 N. Keystone Ave, suite A, on November 11, 2020 at 1100 hours to be interviewed regarding this investigation.

Pursuant to the Police Officers' Bill of Rights, Section 4, Subsection J, officers have the right to the presence of an attorney or a representative of their choice from within the department during the interview whenever such interview relates to the officer's continued fitness for law enforcement duty. The attorney or representative shall not participate in the interview except to advise the police officer.

If extenuating circumstances prevent your appearance you must notify Detective George June of the Office of Internal Affairs at 317-327-2034.  Failure to comply with this order may result in disciplinary action being taken.

**Signature**  _[signature]_

IMPD Form No. 3-5-19 R6 (MSW)

**Rank**  Sergeant          **Ident. No.**  X4510

Ex 2.



**Randal P. Taylor**
**Chief of Police**
50 North Alabama Street
Indianapolis, IN 46204

**Indianapolis Metropolitan**
**Police Department**
**City of Indianapolis**

Robert Turner, Esq.
333 N Alabama St Suite 350-325
Indianapolis, IN 46204

**VIA EMAIL ONLY TO rbtatty@aol.com**

November 17, 2020

Dear Mr. Turner:

It has come to our attention that your client, Ariana Ware, did not complete her probationary year with the Department as required by Section 279-234(c) of the Revised Code of the Consolidated City and County. Under that section:

> All members appointed to the department under this chapter are on probation until after one (1) year of active duty from the date of the completion of the Field Training Officer Program. Active duty is defined as the time the probationary officer is assigned to perform the full duties and responsibilities required of members of the department, but does not include leave time due to illness, military leave, suspension from work or limited duty status, as these terms are defined by the general orders of the department.

Because of leave Ms. Ware took while in the FTO program and her placement on administrative leave on September 30, 2020, she is still a probationary officer.

Accordingly, Ms. Ware's discipline lies solely within the discretion of the Chief of Police. Her employment was terminated effective November 2, 2020, for the reasons stated in the Notice of Discharge Order. The Chief's decision is not subject to review by the Merit Board.

Sincerely,

Daniel Bowman
Legal Advisor, IMPD

Filed: 7/14/2021 12:43 PM
Clerk
Marion County, Indiana

49D06-2107-CT-023665

Marion Superior Court 6

# SUMMONS

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO: |
| COUNTY OF MARION | ) | CAUSE NO: |

ARIANA WARE,                                )
                                                    )
      Plaintiff,                                   )
                                                    )
vs.                                                 )
                                                    )
CITY OF INDIANAPOLIS,
INDIANAPOLIS METROPOLITAN
POLICE DEPARTMENT
Defendants,

TO DEFENDANT:     City of Indianapolis; Indianapolis Metropolitan Police Department
                              200 E. Washington Street
                              City County Building, Suite 1601
                              Indianapolis, Indiana 46204

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

DATED: 07/14/2021

_____
Clerk, Marion County Superior Court          (Seal)

**(The following manner of service of summons is hereby designated.)**

_____     Registered or certified mail.

_____     Service at place of employment, to-wit:

__x___     Service on individual (personal or copy) at above address.

_____     Service on agent.  (Specify)

_____     Other service.  (Specify)

SEAL
MARION COUNTY COURTS
INDIANA

Robert B. Turner
**Attorney for Plaintiff**

300 E. Fall Creek Pwy. N. Drive, # 501
Indianapolis, IN 46205
(317) 295-2400

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 20____:

(1)     By delivering a copy of the summons and a copy of the complaint to the defendant, _____

_____.

(2)     By leaving a copy of the summons and a copy of the complaint at _____

_____, which is the dwelling place or usual place of abode of

_____, and by mailing a copy of said summons to said

defendant at the above address.

(3)     Other Service Remarks: _____

_____

_____          _____

Sheriff's Costs                                 Sheriff

                                      By: _____
                                             Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 20_____, I mailed a copy of the summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the petitioner.

                                      _____
                                        Clerk, Marion County Superior Court

Dated: _____         By: _____
                                               Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____, 20_____.

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint was returned not accepted on the _____ day of _____, 20_____.

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 20____.

                                        _____
                                        Clerk, Marion County Superior Court

Dated: _____         By: _____
                                                 Deputy

Filed: 8/5/2021 8:45 AM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO.   49D06-2107-CT-023665 |

| | |
|---|---|
| ARIANA WARE | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF INDIANAPOLIS, | ) |
| INDIANAPOLIS METROPOLITAN | ) |
| POLICE DEPARTMENT | ) |
| | ) |
| Defendant. | ) |

### E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

1.  The party on whose behalf this form is being filed is: **Responding**

    The undersigned attorneys listed on this form now appear in this case for the following parties:

    CITY OF INDIANAPOLIS
    INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT

2.  Attorney information for service as required by Trial Rule 5(B)(2):

    | | |
    |---|---|
    | Name: | Allison J. Smith (35366-49) |
    | Address: | 200 East Washington Street, Suite 1601 |
    | | Indianapolis, IN 46204 |
    | Phone: | 317.327.4055 |
    | Fax: | 317.327.3968 |
    | Email: | allison.smith@indy.gov |

    | | |
    |---|---|
    | Name: | Elise C. L. Bowling (33933-45) |
    | Address: | 200 E. Washington Street, Suite 1601 |
    | | Indianapolis, IN  46204 |
    | Phone: | 317.327.4055 |
    | Fax: | 317.327.3968 |
    | Email: | elise.bowling2@indy.gov |

3.      This is a "CT" case type as defined in Administrative Rule 8(B)(3).

4.      I will not accept service from other parties by FAX or E-mail.

5.      This case does not involve child support issues.

6.      This case does not involve a protection from abuse order, a workplace violence restraining order, or a no-contact order.

7.      This case does not involve a petition for involuntary commitment.

8.      There are no individuals subject to a petition for involuntary commitment.

9.      The appearing attorneys are not aware of related cases.

10.      There is no additional information required by local rule.

11.      The appearing attorneys are not aware of other party members.

12.      This form has been served on all other parties and Certificate of Service is attached.

Respectfully Submitted,

OFFICE OF CORPORATION COUNSEL

*/s/ Allison J. Smith*
Allison J. Smith (35366-49)
Assistant Corporation Counsel
200 E. Washington Street, Suite 1601
Indianapolis, IN 46204
317.327.4055
allison.smith@indy.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing was electronically filed on this Thursday, August 5, 2021

through the Indiana E-Filing System, and the following Registered User was served via E-

Service through the Indiana E-Filing System on the same day:

> Robert B. Turner
> 300 East Fall Creek Pwy. N. Dr.
> Suite 501
> Indianapolis, IN  46205
> Ph: 317-295-2400
> rbtatty@aol.com

> _/s/ Allison J. Smith_
> Allison J. Smith (35366-49)
> Assistant Corporation Counsel

OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055
Fax: (317) 327-3968

Filed: 8/5/2021 8:45 AM
Clerk
Marion County, Indiana

STATE OF INDIANA )          IN THE MARION SUPERIOR COURT
                 ) SS:
COUNTY OF MARION )          CAUSE NO.   49D13-2106-CT-020359


ARIANA WARE                         )
                                    )
                                    )
                                    )
      Plaintiff,                    )
                                    )
            v.                      )
                                    )
CITY OF INDIANAPOLIS,               )
INDIANAPOLIS METROPOLITAN           )
POLICE DEPARTMENT                   )
                                    )
      Defendant.                    )

## <u>NOTICE OF AUTOMATIC ENLARGEMENT OF TIME</u>

Defendants, City of Indianapolis and Indianapolis Metropolitan Police Department, by

counsel, hereby gives notice pursuant to LR 49-TR5-203, respectfully requests an Enlargement

of Time in which to respond to Plaintiff Complaint.  Defendants received service of Plaintiff

Complaint on July 162021.  A response is due on August 9/2021.  Defendants requests an

additional thirty (30) days, up to and including 9/8/2021.  This is Defendants first enlargement of

time.


                              Respectfully Submitted,

                              OFFICE OF CORPORATION COUNSEL

                              /s/ Allison J. Smith
                              Allison J. Smith (35366-49)
                              Assistant Corporation Counsel
                              200 E. Washington Street, Suite 1601
                              Indianapolis, IN 46204
                              317.327.4055
                              allison.smith@indy.gov

## CERTIFICATE OF SERVICE

I certify that the foregoing was electronically filed on this Thursday, August 5, 2021

through the Indiana E-Filing System, and the following Registered User was served via E-

Service through the Indiana E-Filing System on the same day:

Robert B. Turner
300 East Fall Creek Pwy. N. Dr.
Suite 501
Indianapolis, IN  46205
Ph: 317-295-2400
rbtatty@aol.com

*/s/ Allison J. Smith*
Allison J. Smith (35366-49)
Assistant Corporation Counsel

OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055
Fax: (317) 327-3968

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO.   49D06-2107-CT-023665 |

ARIANA WARE                                                        )
                                                                   )
                                                                   )
                                                                   )
        Plaintiff,                                                 )
                                                                   )
                v.                                                 )
                                                                   )
CITY OF INDIANAPOLIS,                                              )
INDIANAPOLIS METROPOLITAN                                          )
POLICE DEPARTMENT                                                  )
                                                                   )
        Defendant.                                                 )

### AMENDED NOTICE OF AUTOMATIC ENLARGEMENT OF TIME

Defendants, City of Indianapolis and Indianapolis Metropolitan Police Department, by counsel, hereby gives notice pursuant to LR 49-TR5-203, respectfully requests an Enlargement of Time in which to respond to Plaintiff Complaint. Defendants received service of Plaintiff Complaint on July 162021. A response is due on August 9/2021. Defendants requests an additional thirty (30) days, up to and including 9/8/2021. This is Defendants first enlargement of time.

Respectfully Submitted,

OFFICE OF CORPORATION COUNSEL

*/s/ Allison J. Smith*
Allison J. Smith (35366-49)
Assistant Corporation Counsel
200 E. Washington Street, Suite 1601
Indianapolis, IN 46204
317.327.4055
allison.smith@indy.gov

**CERTIFICATE OF SERVICE**

I certify that the foregoing was electronically filed on this Thursday, August 5, 2021

through the Indiana E-Filing System, and the following Registered User was served via E-

Service through the Indiana E-Filing System on the same day:

Robert B. Turner
300 East Fall Creek Pwy. N. Dr.
Suite 501
Indianapolis, IN  46205
Ph: 317-295-2400
rbtatty@aol.com

*/s/ Allison J. Smith*
Allison J. Smith (35366-49)
Assistant Corporation Counsel

OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055
Fax: (317) 327-3968