UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ARIANA WARE, | ) |
| | ) |
|           *Plaintiff*, | ) |
| | ) |
|          vs. | )   No. 1:21-cv-02244-JMS-MG |
| | ) |
| CITY OF INDIANAPOLIS and | ) |
| INDIANAPOLIS METROPOLITAN POLICE | ) |
| DEPARTMENT, | ) |
| | ) |
|           *Defendants*. | ) |

## **ORDER**

Plaintiff Ariana Ware was formerly employed as an officer with the Indianapolis Metropolitan Police Department ("IMPD"). She brings this action against the IMPD and the City of Indianapolis ("the City"), alleging that Defendants violated her constitutional rights by restraining her speech, searching her home, disciplining her, failing to credit her for light duty work, and ultimately terminating her employment. Defendants move to dismiss all claims against the IMPD pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the IMPD is not a suable entity. [Filing No. 8.] That motion is ripe for the Court's consideration.

### I.
### STANDARD OF REVIEW

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

1

*Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

Ms. Ware initially filed this action in state court against the IMPD and the City. [*See* Filing No. 1; Filing No. 1-3.] Defendants removed the case to this Court based on federal question jurisdiction. [Filing No. 1.]

The Court need not recount in detail the allegations contained in the Complaint, because Defendants' Motion to Dismiss is based on the purely legal argument that the IMPD is not a suable entity. For purposes of this Order, it is sufficient to say that Ms. Ware asserts claims against the IMPD and the City for violations of her rights under the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution. [Filing No. 1-3.]

## III.
### DISCUSSION

Defendants argue that the IMPD must be dismissed from this action because it is not a suable entity under state law. [Filing No. 9 at 2.] Defendants assert that this Court and the Seventh Circuit have repeatedly held that the IMPD is not a suable entity. [Filing No. 9 at 2 (citing cases).]

Defendants ask this Court to dismiss all claims against the IMPD with prejudice.  [Filing No. 8; Filing No. 9 at 2.]

In response, Ms. Ware argues that her Complaint states a claim for relief that is plausible on its face.  [Filing No. 11 at 1-3.]  Concerning the argument that the IMPD is not a suable entity, Ms. Ware asserts that she "has always assumed and referenced via her Complaint that the IMPD was an agency within the authority, management and supervision of [the City] and [she] will rely upon the Court's interpretation and discretion relative to Defendant's (sic) argument and legal authorities."  [Filing No. 11 at 3.]  Ms. Ware further contends that Defendants "make[] the rather confusing and conflicting request that the Court dismiss the [IMPD] as a party 'with prejudice' after suggesting that [the] IMPD is not a suable party," because "[i]f [the] IMPD is not a suable party, a dismissal 'with prejudice' would appear to be a moot point."  [Filing No. 11 at 3.][1]

In reply, Defendants assert that "[t]here is no amount of discovery – or evidence – that [Ms. Ware] could gather to negate [the] simple fact" that the IMPD is not a suable entity.  [Filing No.

---

[1] Ms. Ware also characterizes Defendants' motion as a "Partial Motion for Summary Judgment," suggests that the Court has discretion to convert the motion into a motion for summary judgment, contends that "Defendants, by their Rule 12(b)(6) Motion are asking this Court to require Plaintiff to present evidence and credible testimony at the pleadings stage to affirmatively establish her case prior to any opportunity for either party to engage in discovery," and argues that "Defendant's (sic) assertion that 'Plaintiff's Complaint finds no support in evidence' rather oddly suggests that Plaintiffs in The United States District Court are required to present all evidence in support of their Complaint at the time of filing without the opportunity for discovery in order to overcome a Defendant's baseless allegation of non-plausibility."  [Filing No. 11 at 1-2.]  These arguments reflect a serious misunderstanding (if not a misrepresentation) of the nature of Defendants' Motion to Dismiss.  Although Defendants do start their brief with the contention that "[t]he version of events alleged in [Ms. Ware's] complaint finds no support in the evidence," the very next sentence reads: "But even accepting [her] complaint as true—as we must at the motion-to-dismiss stage—all claims against the [IMPD] fail as a matter of law because the department is not a suable entity outside of the Access to Public Records Act context."  [Filing No. 9 at 1.]  Defendants' brief then recites the correct standard of review applicable to motions to dismiss under Rule 12(b)(6).  [Filing No. 9 at 1.]  Nothing in Defendants' motion even remotely suggests that the Court should treat it as a motion for summary judgment or that Ms. Ware is required to present evidence at this juncture.  Instead, the motion raises the purely legal issue of whether the IMPD is a suable entity.

3

12 at 1.] They maintain that Ms. Ware's claims against the IMPD fail as a matter of law and must be dismissed with prejudice. [Filing No. 12 at 2.]

Whether a local government entity is amenable to suit under § 1983 is a matter of state law. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (citing *McMillian v. Monroe County*, 520 U.S. 781, 786 (1997)). The Seventh Circuit has recognized that "the Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued." *Sow*, 636 F.3d at 300 (affirming the district court's holding that the McCordsville, Indiana Police Department and the Fortville, Indiana Police Department are not suable entities). Consistent with this precedent, this Court has repeatedly recognized that the IMPD is not a suable entity, and therefore claims against the IMPD are properly asserted against the City. *See Wynn v. City of Indianapolis*, 496 F. Supp. 3d 1224, 1232-33 (S.D. Ind. 2020) (concluding that the IMPD is not a suable entity for purpose of § 1983 claim); *Shirley v. IMPD SWAT*, 2020 WL 6049839, at *2 (S.D. Ind. June 8, 2020), *report and recommendation adopted*, 2020 WL 4187822 (S.D. Ind. July 21, 2020) (concluding that "IMPD SWAT" is not a suable entity and "[i]nstead, the City of Indianapolis is the proper suable entity because Indiana law does not provide for municipal police departments to sue or to be sued"); *Perry v. Thomas*, 2011 WL 693622, at *4 (S.D. Ind. Feb. 18, 2011) (concluding that "[t]he IMPD is not a suable entity and thus not a proper party" to an action asserting claims under § 1983 and Indiana law, and that any claims against the IMPD or officers in their official capacities "are necessarily asserted against the City of Indianapolis and are understood as such"); *Hodges v. Indianapolis Metro. Police Dep't*, , 2009 WL 2044375, at *2 n.4 (S.D. Ind. July 9, 2009) ("The Defendants correctly point out that the IMPD is not a suable entity under Indiana law. . . . [T]he Court will consider the claims asserted against the IMPD as claims against the City.").

The law is clear that the IMPD is not a suable entity. Accordingly, Ms. Ware's claims are properly asserted against the City, not the IMPD. The IMPD must be dismissed from this action, and therefore Defendants' Motion to Dismiss is **GRANTED**. Furthermore, dismissal with prejudice is proper. *See, e.g.*, *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 697 (7th Cir. 2015) ("A dismissal under Rule 12(b)(6) . . . is a dismissal with prejudice."); *Paganis v. Blonstein*, 3 F.3d 1067, 1071 (7th Cir. 1993) (explaining that pursuant to Federal Rule of Civil Procedure 41(b), "unless the judgment provides otherwise, involuntary dismissal, including a dismissal for failure to state a claim under Rule 12(b)(6), is an adjudication on the merits—in other words, a dismissal with prejudice").

## IV.
### CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss, [8], is **GRANTED**. All claims against the IMPD are **DISMISSED with prejudice**, and the Clerk is **DIRECTED** to **TERMINATE** the IMPD as a party. All claims against the City remain pending.

Date: 10/20/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**